UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN TINH NGUYEN, (A-226-099-184),<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al,<br>Respondents. | No. 1:26-cv-2609 DAD AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former federal immigration detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241 while he was civilly detained by Immigration and Customs Enforcement ("ICE"). ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I. Factual and Procedural History

Petitioner entered the United States without inspection in June 2024. ECF No. 1 at 1, 6; ECF No. 10 at 6. He was detained by immigration officials and subsequently released on an Order of Release on Recognizance ("ROR"). ECF No. 1 at 2, 6. Petitioner asserts that he has no criminal history, has complied with all ICE reporting requirements, and has diligently sought to regularize his status. Id. at 6-7. Petitioner was re-detained on December 12, 2025, when he voluntarily presented himself at an ICE facility to retrieve his passport, which was in ICE's possession. Id. at 2.

On April 7, 2026, the court received the petition for writ of habeas corpus, which was filed along with a motion for temporary restraining order. ECF Nos. 1, 2. The petition asserts that petitioner's detention violates his procedural due process rights under the Fifth Amendment Due Process Clause, the Immigration and Nationality Act ("INA"), and the Administrative Procedures Act ("APA"). ECF No. 1 at 15-17. By way of relief, petitioner seeks a declaration that his re-detention violated the Fifth Amendment Due Process Clause, release from immigration custody without additional conditions of supervision, a permanent injunction against re-detention during the pendency of removal proceedings absent pre-deprivation procedures, Equal Access to Justice Act ("EAJA") fees and costs, and any other relief deemed just and proper. Id. at 17-18.

The court issued a briefing order, directing a response and ordering that the response

> shall substantively address whether any provision of law or fact in this case would distinguish it from this court's prior decision in Ayala Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases decided by this court, or otherwise indicate that the matter is not substantively distinguishable.

ECF No. 7. The court further directed that the response should indicate whether respondents oppose the court converting the motion for temporary restraining order to a motion for preliminary injunction. Id.

In response, respondents filed a response to the petition and opposition to injunctive relief, ECF No. 10, and a motion to dismiss the petition as to all respondents other than petitioner's immediate custodian. ECF No. 11. In their response, respondents conceded there were no material differences between this case and the court's prior orders, indicated they did not oppose a conversion of the motion to a motion for preliminary injunctive relief, and opposed the motion citing Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). Id. at 2. Respondents also asked that if preliminary injunctive relief is granted, the court hold the petition in abeyance pending the Ninth Circuit Court of Appeals' decisions in Rodriguez v. Bostock, 779 F. Supp. 3d 1239 (W.D. Wash. 2025) and Carballo v. Andrews, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025), and that any injunction not prevent the execution of a final removal order, if one is issued

following the completion of removal proceedings. Id. at 3-4. Petitioner submitted a reply. ECF No. 12.

By order dated April 14, 2026, the court granted a preliminary injunction and ordered respondents to immediately release petitioner from custody on the same conditions to which he was subject prior to his re-detention. ECF No. 13. The court found this case analogous to Ayala Cajina, where the court found that due process required a pre-detention hearing to protect a noncitizen's liberty interest in previously granted release, rejected respondents' argument that petitioner is an "applicant for admission" subject to mandatory detention and conclusory references to petitioner's violations of release conditions, and further enjoined respondents from re-detaining petitioner absent certain constitutional protections. Id.

The undersigned issued a further briefing order, which provided respondents with an opportunity to file an answer and additional evidence, and petitioner an opportunity to submit a reply. ECF No. 14. No further submissions were received, and this case is deemed submitted.

II. Analysis

A. Respondents' Motion to Dismiss (ECF No. 11)

Respondents' motion to dismiss, citing Doe v. Garland, 109 F.4th 1188 (9th Cir. 2024), seeks dismissal of all respondents other than petitioner's immediate custodian. ECF No. 11. However, Doe v. Garland held that a petitioner challenging his immigration detention must name his immediate custodian, 109 F.4th 1188, 1195-97 (9th Cir. 2024); it did not hold that petitioner is precluded from naming more than one respondent so long as the immediate custodian is named, nor did it address who may be named as a respondent when the appropriate remedy includes an injunction against any future re-detention. See, e.g., Khan Atal v. Warden, California City Corrections Center, No. 1:26-cv-01945 DAD SCR, 2026 WL 1110268, at *1-2, (E.D. Cal. Apr. 24, 2026) (citing Estrada v. Mullin, No. 1:26-cv-02527 KES EPG (HC), 2026 WL 1030902, at *1 (E.D. Cal. Apr. 16, 2026)). In this case, because petitioner has named his immediate custodian, and, as discussed below, the appropriate remedy includes an injunction against future re-detention, the undersigned recommends respondents' motion to dismiss be denied.

////

B. Petition for Writ of Habeas Corpus (ECF No. 1)

For the reasons indicated in the court's minute order granting a preliminary injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 petition be granted based on the ground that petitioner's Fifth Amendment right to procedural due process was violated. See ECF 13; see also Ayala Cajina, 2025 WL 3251083, at *3-5; O.A.C.S. v. Wofford, No. 1:25-cv-01652 DAD CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025); Perez v. Albarran, No. 1:25-cv-01540 DAD CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025). Petitioner has an established, protected liberty interest in the freedom from confinement that he gained after he was released from custody on his own recognizance, and it is undisputed that petitioner has no criminal history. In addition, respondents have advanced no argument— despite an additional opportunity to submit further briefing—as to why any of the purported technical violations of his release would undermine petitioner's due process claim and require a different outcome than that in Ayala Cajina. ECF No. 14; see Singh v. Warden, No. 1:26-cv-04053 DAD SCR, 2026 WL 1694651 (E.D. Cal. June 11, 2026) (rejecting respondents' argument that petitioner was subject to mandatory detention due to violations of the conditions of his alternatives to detention release on four occasions because "respondents do not explain how these purported violations compel a different result than that reached by the court in Ayala Cajina, where the petitioner even faced criminal charges from several months prior to re-detention by immigration authorities"); see also Balda v. Andrews, No. 1:26-cv-06699 DAD CKD, 2026 WL 2534447 (E.D. Cal. Aug. 26, 2026) (finding that the re-detention of a noncitizen without a pre-deprivation hearing violated due process where the noncitizen had been previously released on his own recognizance and was subsequently arrested by law enforcement, thereby violating the conditions of his release). For these reasons, the undersigned finds that petitioner's due process rights were violated by his re-detention without a hearing before a neutral adjudicator at which the government was required to justify his re-detention by clear and convincing evidence.

In addition, since the preliminary injunction issued, the Ninth Circuit has decisively resolved the debate over the statutory basis for noncitizens in petitioner's circumstances. See

Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026) (noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a bond hearing). As someone who was living in the United States for over two years at the time of his re-detention, petitioner's detention under § 1225(b)(2) without a bond hearing was a violation of the INA. The undersigned therefore recommends that, in addition to granting relief on petitioner's procedural due process claim, the petition be granted on petitioner's INA claim.

The appropriate remedy for these violations includes permanently enjoining respondents from re-detaining petitioner absent notice and a pre-detention hearing before an immigration judge at which respondents will bear the burden of demonstrating a change in circumstances that justifies such detention. Ramirez Godinez v. Warden of the California City Detention Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251, at *5 (E.D. Cal. Aug. 21, 2026), report and recommendations adopted, 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026) (recommending a permanent injunction based on a finding that respondents violated the noncitizen's due process rights in detaining him and collecting cases); Mayen v. Warden, California City Detention Center, No. 1:26-cv-2354 DAD AC, 2026 WL 1067525 (E.D. Cal. Apr. 20, 2026), report and recommendations adopted, 2026 WL 1158217 (Apr. 29, 2026) (recommending a permanent injunction be entered based on a finding that petitioner was detained in violation of the INA).

C. Respondents' Request in the Alternative for Abeyance Pending Resolution of Ninth Circuit Appeals

Respondents request in the alternative that the court hold this matter in abeyance pending the Ninth Circuit's resolutions of Rodriguez Vazquez and Benavides Carballo. ECF No. 10 at 3-4. In light of the Ninth Circuit's decision in Rodriguez Vazquez, the undersigned recommends that respondents' request be denied as moot. See Rodriguez Vazquez, 183 F.4th 1160. The undersigned further recommends the request for abeyance pending a decision in Benavides Carballo be denied because respondents have not explained how Benavides Carballo—a case concerning an as-applied challenge to mandatory detention under 8 U.S.C. § 1226(c) and whether

release pursuant to a settlement agreement can overcome the categorical mandatory detention under 8 U.S.C. § 1226(c)—could have precedential effect on this case. See Benavides Carballo v. Andrews, No. 1:25-cv-00978 KES EPG, 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025). Because the undersigned recommends that the petition be granted on different grounds than those at issue in Benavides Carballo, and the Ninth Circuit has already decided Rodriguez Vazquez, the request for an abeyance should be denied. See Singh Gill v. Chestnut, No. 1:26-cv-1091 DC AC, 2026 WL 2824639, at *3 (E.D. Cal. Sept. 21, 2026) (declining request for abeyance pending resolution of appeals in Rodriguez Vazquez and Benavides Carballo because the request was moot in light of the Ninth Circuit decision in Rodriguez Vazquez and the issues in Benavides Carballo were different than the issue of whether due process requires a pre-deprivation hearing prior to a noncitizen's re-detention).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 11) be DENIED.

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on the Fifth Amendment procedural due process claim and the INA claim.

3. The court DECLARE that petitioner's re-detention in December 2025 violated petitioner's rights under the Fifth Amendment Due Process Clause and the INA.

4. The court order permanent injunctive relief as follows:

   a. Petitioner VAN TINH NGUYEN shall REMAIN OUT OF CUSTODY under the same conditions to which he was subject prior to his re-detention. Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

   b. Respondents be ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including at least seven days' written notice to petitioner and a pre-deprivation hearing before a neutral fact-finder where respondents will bear the burden of demonstrating by clear and convincing evidence that petitioner poses a danger to the community or a flight risk. At any such hearing, petitioner shall be allowed to have counsel

present.

5. The court DISMISS WITHOUT PREJUDICE the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

6. Petitioner's request for attorney's fees and costs be DENIED WITHOUT PREJUDICE to bringing a properly noticed and supported motion.

7. All other pending motions, if any, be DENIED as MOOT.

8. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 5, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE